**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CIVIL ACTION NO. 13-132-DLB-EBA**

**CATHY SEARS**                                              **PLAINTIFF**

vs.          <u>**ORDER ADOPTING REPORT AND RECOMMENDATION**</u>

**THE DREES COMPANY, et al.**                               **DEFENDANTS**

\*\*\*    \*\*\*    \*\*\*    \*\*\*

Plaintiff Cathy Sears brings suit under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132(a)(1)(B), (a)(3). She alleges that Defendants The Drees Company (Drees) and Union Security Insurance Company (Union)[1] wrongfully terminated her long-term benefits, while Defendant U.S. National Bank Association (U.S. Bank) improperly refused to pay her short- and long-term disability benefits. (Doc. 1 at ¶¶ 12, 24). The parties filed cross-motions for summary judgment.[2] (Docs. 46, 50, 55, 58). The motions were referred to United States Magistrate Judge Edward Atkins for a report and recommendation (R&R), pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. 68).

In his R&R, the Magistrate Judge recommends that the Court grant Drees and Unions' joint-motion for summary judgment and judgment on the administrative record

---

[1] Plaintiff originally listed Assurant, Inc. as a defendant, but upon the parties' joint-motion (Doc. 35), Assurant was dismissed and Union substituted in its place. (Doc. 37). Union is a wholly-owned subsidiary of Assurant. (Doc. 15).

[2] Drees and Union moved for summary judgment, or in the alternative, judgment on the administrative record. (Doc. 58).

1

(Doc. 58), grant U.S. Bank's motion for summary judgment (Doc. 46), and deny Sears' motions for summary judgment (Docs. 50, 55). (Doc. 69). Sears having filed objections to the R&R (Doc. 70), and Drees, Union, and U.S. Bank having responded (Docs. 74, 77), this matter is ripe for review. Although the parties have submitted a proposed order setting this matter for oral argument (*see* Doc. 72), the Court finds that oral argument is not necessary to resolve the case. That motion is therefore denied.

Having considered the entire record, and finding that the R&R is sound in all respects, the Court will adopt the R&R in its entirety. Because the relevant facts and procedural history are adequately recounted in the R&R, they will not be restated here.

**A.     Standard of Review**

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). However, "a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.1995). The Court will first address Sears' objections concerning her claim against Drees and Union, and then her claim against U.S. Bank.

**B.     Analysis**

    **1.     Union's[3] decision to terminate benefits was not arbitrary or capricious**

---

[3] As the Magistrate Judge noted, although Sears named Drees and Union in her Complaint, she challenges Union's decision to deny benefits, while articulating "no independent basis of liability against Drees." (Doc. 69 at 3 n.1 citing Doc. 1 at ¶¶ 15, 17). Because Drees and Union jointly moved for summary judgment, the Court will refer only to Union from here on out, with the analysis equally applicable to Drees.

The Magistrate Judge recommended summary judgment for Union on Sears' § 1132(a)(3) claim because her § 1132(a)(1)(B) claim provides an adequate avenue of relief. (Doc. 69 at 7 citing *Marks v. Newcourt Credit Grp., Inc.*, 342 F.3d 444, 454 (6th Cir. 2003)). Sears does not object, and the Court agrees with the recommended disposition.

Sears does object to the recommendation of judgment on the administrative record for Union on her § 1132(a)(1)(B) claim. She takes issue with the Magistrate Judge's finding that Union did not act in an arbitrary or capricious manner in terminating her benefits.[4] (Doc. 70 at 1). She makes the following specific arguments: (1) Union's decision was not based on objective evidence and has no clinical basis; (2) Dr. Jean Dalpe's opinion should be given no weight because she is bias and did not perform an in-person examination; (3) Union did not give proper deference to her treating physicians' opinions; and (4) her 2013 social security award and a 2012 report from Dr. David Roebker are properly before the Court. (*Id.* at 1-5).

Plaintiff's objections notwithstanding, the Court agrees with the Magistrate Judge's finding that Union did not act arbitrarily or capriciously. As the R&R points out, Union relied on the following objective, clinical evidence in terminating Sears' benefits: Dr. Mike Jones' conclusion that the surveillance video "failed to substantiate . . . [and] demonstrated just the opposite of her claims" (Doc. 30-2 at 8); Nurse Arrasmith's opinion that the surveillance video indicated Sears was no longer suffering from major depression or panic attacks (Doc. 32-2 at 24); Dr. Dalpe's independent review, in which she found no evidence that Sears

---

[4] Sears does not object to the Magistrate Judge's conclusion that the arbitrary and capricious standard of review applies to Union's decision to terminate benefits. (Doc. 69 at 5); *see Marks*, 342 F.3d at 456.

suffered from severe functional psychiatric impairment since the relevant date of January 2010 (Doc. 30-3 at 44); Sears' failure to follow up on psychiatric referrals (Doc. 32-1 at 58); and Sears' ability to seek and obtain additional employment (Doc. 30-4 at 60). (Doc. 30-2 at 62). Because Union's decision was based on substantial evidence, the Court will not disturb it. *See McClain v. Eaton Corp. Disability Plan*, 740 F.3d 1059, 1065 (6th Cir. 2014).

Next, Sears implies that it was improper for Union to consider Dr. Dalpe's opinion because Union hired Dr. Dalpe and Dr. Dalpe did not perform an in-person evaluation. (Doc. 70 at 3-4). Because Union contracted Dr. Dalpe to conduct the independent review, the Court does view her opinion with "some skepticism." *Kalish v. Liberty Mut./Liberty Life Assur. Co. of Boston*, 419 F.3d 501, 508 (6th Cir. 2005). However, Sears offers no evidence to support her conclusory allegation of bias, leaving the Court unable to discern that Union acted arbitrarily or capriciously in relying on Dr. Dalpe's evaluation. *See id.* Moreover, Dr. Dalpe's opinion is in concert with opinions from other medical professionals, including Sears' treating nurse, Ms. Arrasmith.

And there is no error in Union relying on Dr. Dalpe's review in lieu of ordering an in-person examination. When a plan, such as the one here, does not require an in-person evaluation, a plan administrator is permitted to rely on a file review. *Calvert v. Firstar Fin., Inc.*, 409 F.3d 286, 295 (6th Cir. 2005). While the decision to do so "may raise questions about the thoroughness and accuracy of the benefits determination," *id.*, this case raises no such concerns. As discussed above, Union relied on more than just Dr. Dalpe's review: it relied on the surveillance tape, Dr. Jones' and Nurse Arrasmith's opinions, and Sears' ability to seek and obtain additional work. Because of the substantial evidence in the record, Union properly exercised its discretion in deciding not to order an in-person exam.

4

Sears also alleges that Union improperly rejected opinions from treating sources, arguing that her treating sources never released her to return to work. She cites from *Darland v. Fortis Benefits Insurance Company*, 317 F.3d 516 (6th Cir. 2003), in suggesting that the treating physician rule, germane to social security cases, applies with equal force to ERISA. (Doc. 70 at 4-5). That argument ignores subsequent United States Supreme Court precedent that ERISA "plan administrators are not obliged to accord special deference to the opinions of treating physicians." *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 825 (2003). "Reliance on other physicians is reasonable so long as the administrator does not totally ignore the treating physician's opinions." *Balmert v. Reliance Standard Life Ins. Co.*, 601 F.3d 497, 504 (6th Cir. 2010) (citing *Nord*, 538 U.S. at 834). Sears has not established that Union even rejected a treating source opinion,[5] but to the extent it has, such a decision was not arbitrary or capricious because the record indicates that Union considered treating source opinions in reaching its decision. (Doc. 30-2 at 60) (indicating that Union weighed records from treating sources Nurse Arrasmith and Dr. Gooch); *see Balmert*, 601 F.3d at 504.

Finally, Sears contends that this Court should reverse Union's decision because she was awarded social security benefits and Dr. Roebker opined that she was occupationally

---

[5] The Court is not convinced that Union's decision is truly at odds with a treating source opinion. Sears points out that Nurse Arrasmith originally diagnosed her with "severe depression." (Doc. 70 at 2). However, as discussed above, that same nurse later concluded that Sears no longer suffered from major depression. ®. 30-2 at 24). Without citing to the record, Sears further suggests that the files of "treating physicians [Drs. Linda Gooch and Nancy Shupe], are replete with diagnoses that [she] was suffering from a major depressive disorder. . . ." (Doc. 70 at 2). The Court found no evaluation from Dr. Shupe, but Dr. Gooch did opine that Sears was "unable to function due to depression and stress." (Doc. 30-6 at 90). However, that opinion was issued before the surveillance video, Sears did not follow-up on Dr. Gooch's referrals to see a psychiatrist, and Dr. Gooch last saw Sears in June 2009. (Doc. 30-1 at 58).

5

disabled. (Doc. 70 at 3-4). However, a court reviewing a plan administrator's decision not to provide ERISA benefits cannot consider facts unknown to the plan administrator at the time of his decision. *Judge v. Metro. Life Ins. Co.*, 710 F.3d 651, 658 (6th Cir. 2013). This rule applies specifically to an award of social security benefits and a subsequent independent medical exam. *See Storms v. Aetna Life Ins. Co.*, 156 F. App'x 756, 759-60 (6th Cir. 2005). Both Sears' social security award (March 31, 2013) and Dr. Roebker's opinion (November 19, 2012) were issued after Union's final denial letter (December 7, 2011). (Doc. 50, Exs.1, 5; Doc. 30-2 at 60). For all these reasons, the Court agrees with the Magistrate Judge's recommendation that Sears' claims against Union and Drees should be dismissed with prejudice.

### 2. Sears failed to exhaust available administrative remedies with respect to her claims against U.S. Bank

The Magistrate Judge recommended that both Sears' § 1132(a)(1)(B) and § 1132 (a)(3) claim against U.S. bank should be dismissed for failure to exhaust administrative remedies. Sears does not object to the Magistrate Judge's recommendation that *if* she failed to exhaust administrative remedies both her claims should be dismissed. She also does not object to the Magistrate Judge's finding that she has not shown either futility or that she was denied meaningful access to remedies. Sears does, however, continue to assert that she satisfied the exhaustion requirement when her attorney sent two letters to the bank branch where she formally worked because "short of litigation, there is nothing further [she] could do." (Doc. 70 at 5-6). Sears also requests that the Court refrain from dismissing this matter until the administrative procedure is concluded so that the parties can negotiate a compromise. (*Id.* at 6).

6

An ERISA plaintiff must exhaust administrative remedies before bringing suit. *Ravencraft v. UNUM Life Ins. Co. of Am.*, 212 F.3d 341, 343 (6th Cir. 2000). The Court disagrees with Sears' argument that the two letters her attorney sent are sufficient to excuse the exhaustion requirement – and agrees with the Magistrate Judge that she put forth a "limited effort" in pursuing her claim. (Doc. 69 at 19). The letters do not conform to the plan's procedure, which is "mandatory" and requires calling a U.S. Bank Employee Center for short-term benefits and filing a claim form for long-term benefits. (Doc. 46, Ex. A at 15, 17, 48). The plan requires that a participant call the employee center within eight days after a disability begins (*Id.*, Ex. A at 15), but Sears' attorney sent the first letter (dated November 21, 2012; Doc. 1, Ex. A) nearly seven months after U.S. Bank discharged her (April 23, 2012; Doc. 1 at ¶ 20). The plan requires long-term disability claim forms be sent to an address in Bloomington, Minnesota (Doc. 46, Ex. A at 49); Sears' attorney sent the letters to a bank branch in Florence, Kentucky (Doc. 1, Exs. A, B). Finally, as the Magistrate Judge notes, both letters were extremely general in nature and failed to identify a specific medical condition. (Doc. 69 at 18 citing 29 C.F.R § 2560.503-1(b)(4)).

Sears has asked this Court to refrain from adjudicating the ripe cross-motions for summary judgment until she has exhausted her administrative remedies or reached a settlement. Case law, the parties' rights to an efficient resolution of this case, and judicial economy prevent the Court from granting such a request. Sears' failure to follow the proper administrative procedure has left this Court with no record to review, and therefore her claims against U.S. Bank are dismissed without prejudice, allowing her leave to re-file should she properly exhaust available remedies. See *Wical v. Int'l Paper Long-Term Disability Plan*, 191 F. App'x 360, 373 (6th Cir. 2006) ("[T]he focus of judicial review . . . is

7

ordinarily on the record made before the administrator and at least some very good reason is needed to overcome that preference ..... [It is] at least doubtful that courts should be in any hurry to consider evidence or claims not presented to the plan administrator . . . ." (quoting *Orndorf v. Paul Revere Life Ins. Co.*, 404 F.3d 510, 519 (1st Cir. 2005))).

**C.    Conclusion**

Accordingly, it is hereby **ORDERED** that:

1.    Sears' objections to the R&R (Doc. 70) are **OVERRULED**;

2.    The Report and Recommendation (Doc. 69) is hereby **ADOPTED** as the findings of fact and conclusions of law of the Court;

3.    Drees and Union's joint-motion for summary judgment on Sears' § 1132(a)(3) claim and for judgment on the record on Sears' § 1132(a)(1)(B) claim (Doc. 58) is **GRANTED**. Both claims are **DISMISSED WITH PREJUDICE**;

4.    U.S. Bank's motion for summary judgment on Sears' § 1132(a)(3) and § 1132(a)(1)(B) claim is **GRANTED**. Both claims are **DISMISSED WITHOUT PREJUDICE**;

5.    Sears' motion for summary judgment against Drees and Union (Doc. 55) is **DENIED**;

6.    The parties proposed order setting this case for oral argument (Doc. 72) is **DENIED**; and

7.    Sears' motion for summary judgment against U.S. Bank (Doc. 50) is **DENIED**.

This 24th day of February 2015.



Signed By:
*David L. Bunning* DB
United States District Judge

G:\DATA\ORDERS\Cov13\13-132 order adopting R&R.wpd